CONNECTICUT RESOURCES RECOVERY
AUTHORITY *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF
TORRINGTON ET AL.
(AC 16526)
(AC 16528)

Foti, Lavery and Heiman, Js.

Argued June 2—officially released September 2, 1997

*Peter C. Herbst*, for the appellant (defendant Torrington Land Associates, Inc.).

*Albert G. Vasko*, corporation counsel, for the appellant (named defendant).

*Douglas A. Cho*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. The defendants, Torrington planning and zoning commission (commission) and Torrington Land Associates, Inc. (TLA), appeal from the judgment of the trial court sustaining the plaintiff, Connecticut Resources Recovery Authority's (CRRA), appeal from the granting of a special exception in favor of TLA. On appeal, the defendants contend that the trial court improperly found that the subject premises constituted a flag lot[1] and, therefore, did not conform with Torrington's zoning regulations.

---

[1] Section 2.2 of the Torrington zoning regulations defines a flag lot as "a lot which has less than the minimum required lot width on a city accepted street and which is accessed by an accessway."

The following facts and procedural history are necessary for disposition of this appeal. TLA applied to the commission for a special exception and a site plan approval to construct a solid waste transfer station and leaf composting facility on real property it owns in Torrington. TLA's land abuts property owned by CRRA. A public hearing and site visit was conducted concerning TLA's applications, and the commission subsequently approved them.

CRRA appealed to the Superior Court from the special exception approval, but not from the site plan approval, raising four separate issues concerning the commission's decision. CRRA claimed that (1) TLA improperly posted a sign that was to provide public notice of its special exception application, (2) TLA's proposed facility constituted an impermissible flag lot, (3) TLA's proposed facility would hamper Torrington's traffic circulation, and (4) leaf composting was not allowed in the area in question. The trial court sustained CRRA's appeal on the ground that the TLA parcel was a flag lot and that Torrington's regulations do not provide for the use of a flag lot in an industrial zone.[2] The defendants filed petitions for certification to appeal to this court. Both petitions were subsequently granted.

The defendants claim that, when the commission approved TLA's special exception application, it found that the subject premises was a legal lot and not a flag lot. The defendants contend that the proper issue before the trial court was whether the commission correctly interpreted the regulations concerning the definition of a flag lot and applied them with reasonable discretion to the facts.

In the present case, TLA's lot is in an industrial, as opposed to a residential, zone. The lot is landlocked,

[2] This court also granted CRRA's petition for certification to appeal the trial court's rejection of the sign posting issue. This issue is the subject of a separate appeal.

having no frontage on a city accepted street and is accessible only by an easement over property owned by the town of Torrington and by CRRA. The defendants contend that the subject parcel is located in an industrial zone and is nonconforming because of its lack of frontage on a city accepted street. Furthermore, the defendants argue that zoning regulations for a flag lot apply only to residential areas, and the commission was correct in granting TLA's application for a special exception and concluding that TLA's proposed facility constitutes a valid building lot. We agree with the defendants.

"The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. . . .

"It is well settled that in granting a special permit, an applicant must satisf[y] all conditions imposed by the regulations. . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied. . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must

be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted; internal quotation marks omitted.) *Whisper Wind Development Corp.* v. *Planning & Zoning Commission,* 32 Conn. App. 515, 520–22, 630 A.2d 108 (1993).

A site plan is a "plan filed with a zoning commission or other municipal agency or official to determine the conformity of a proposed building, use or structure with specific provisions of the zoning regulations. It is a physical plan showing the layout and design of a proposed use, including structures, parking areas and open space and their relation to adjacent uses and roads, and containing the information required by the zoning regulations for that use. The agency has no independent discretion beyond determining whether the plan complies with the site plan regulations and applicable zoning regulations incorporated by reference. 'A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations.' " R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 2.2 , pp. 17–18; see also *Barberino Realty & Development Corp.* v. *Planning & Zoning Commission,* 222 Conn. 607, 613–14, 610 A.2d 1205 (1992); *SSM Associates Ltd. Partnership* v. *Plan & Zoning Commission,* 15 Conn. App. 561, 566–67, 545 A.2d 602 (1988), aff'd, 211 Conn. 331, 559 A.2d 196 (1989); *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 506, 512, 480 A.2d 584, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984).

CRRA claims that the decision of the trial court should be affirmed because it corrected an error of law by the commission. CRRA's position is that TLA's lot is a flag lot and the commission does not have the authority to approve it for industrial use as a special exception under the regulations. It claims flag lots can be used only for residential purposes, and since TLA's lot is in an industrial zone it cannot be used because that use is not expressly permitted under the regulations.

We disagree with CRRA and the trial court, and conclude that the commission, interpreting the regulations that it promulgated, correctly determined that flag lot restrictions were applicable only in residential zones and not industrial zones. "A local ordinance is a municipal legislative enactment and the same canons of construction which we use in interpreting statutes are applicable to ordinances. . . . A court must interpret a statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." (Citations omitted; internal quotation marks omitted.) *Hall Manor Owner's Assn.* v. *West Haven*, 212 Conn. 147, 154, 561 A.2d 1373 (1989). "A zoning ordinance is a local legislative enactment, and in its interpretation the question is the intention of the legislative body as found from the words employed in the ordinance. . . . The words employed are to be interpreted in their natural and usual meaning." (Citation omitted.) *Lawrence* v. *Zoning Board of Appeals*, 158 Conn. 509, 511, 264 A.2d 552 (1969). The language of the ordinance is construed so that no clause or provision is considered superfluous, void or insignificant. *Essex Leasing, Inc.* v. *Zoning Board of Appeals*, 206 Conn. 595, 601, 539 A.2d 101 (1988). "The regulations must be construed as a whole and in such a way as to reconcile all their provisions as far as possible." *Weigel* v. *Planning & Zoning Commission*, 160 Conn. 239, 246, 278 A.2d 766 (1971). "[R]egulations are to be construed as a whole since particular words or sections of the regulations, considered separately, may be lacking in precision of meaning to afford a standard sufficient to sustain them." (Internal quotation marks omitted.) *Forest Construction Co.* v. *Planning & Zoning Commission*, 155 Conn. 669, 679, 236 A.2d 917 (1967).

While it is true that the definition of a flag lot does not state that it is limited to a particular zone, the

regulations taken as a whole limit the application and utility of flag lots to residential zones. The Torrington zoning regulations provide for fifteen zones, ten of which are residential and are prefixed by an "R" in the regulations. There are also two business zones, an industrial park zone, a restricted commercial and industrial zone and an industrial zone. Torrington Zoning Regs., § 1.2. The subject property is in an industrial zone that does not allow residential dwellings.

Section 4.1.5 of Torrington's area and setback requirements states: "[A]ll buildings containing one or more *dwelling units* shall be on a lot abutting a street." (Emphasis added.) There is, however, no similar requirement that a building not containing a dwelling unit shall be on a lot abutting a street. Furthermore, Torrington's zoning regulations do not prohibit construction of a nondwelling structure on a landlocked parcel. Section 5.7 et seq. of the Torrington zoning regulations, entitled "flag lots," sets forth when a flag lot may be used, stating: "In R-15, R-15s, R-25, R-40, R-60 and R-WP zoning districts, the Planning and Zoning Commission may approve as part of a subdivision, or by special exception when no subdivision is required, the use of an accessway to serve a lot which does not comply with the minimum lot width requirements provided all the following conditions are met." Section 5.7.4 provides that "a flag lot shall be used for no more than one dwelling unit." Section 5.7.8 provides that "the driveway from the street to the dwelling unit shall not exceed 1,200' in length." Section 5.5.13 provided in pertinent part: "The owner of a flag must own the accessway in fee simple. . . ." There is no reference in the regulations to flag lots other than in connection with residential zones. TLA's lot complies with the area and setback requirements that are set forth in § 4.1.3 of the regulations. This regulation specifies that industrial lots have a minimum lot width in excess of eighty feet. TLA's parcel has a minimum lot width in excess of eighty feet.

Additionally, both the commission and the trial court found that TLA's proposed use of the premises is a permitted use authorized by special exception in an industrial zone. The commission found that all the standards set forth in the regulations were met. Furthermore, the commission approved TLA's site plan, which was not challenged on appeal. The approval of the site plan means that the commission found that TLA's parcel was in conformity with all of the applicable zoning regulations. *Allied Plywood, Inc.* v. *Planning & Zoning Commission*, supra, 2 Conn. App. 512.

We conclude that flag lots exist only in residential zones because only residential zones are required to have the minimum width set forth in the regulations abutting a city accepted street and because all references to flag lots are applicable only to residential zones.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.