[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. STATEMENT OF APPEAL
The plaintiffs, Lawrence P. Eiden, Jr., and Our Lady of The Lake Corporation (hereinafter the "plaintiffs"), appeal from the decision of the defendant, the Town of Montville Planning and Zoning Commission (hereinafter the "Commission"). The Commission granted defendant Venuti Enterprises, Inc. (hereinafter "Venuti") a special permit which authorized gravel excavation on land to be conveyed to Venuti pursuant to an option contract allegedly entered into between Venuti and defendants Wanda Donahue (hereinafter "Donahue") and Stacia Ann Voyda (hereinafter "Voyda").
 II. BACKGROUND
On August 15, 1997, Venuti applied to the Commission for a special permit to conduct a gravel excavation operation on land owned by Donahue and Voyda, and located on Route 82 and Old Colchester Road, Montville, Connecticut, Assessor's Map 50, Lot #31. (ROR: Item 1). Specifically, Venuti proposed to excavate 21.8 of the 99 acre site, which contains significant wetland areas as well as a natural habitat for a diverse species of wildlife. (ROR: Item 7, p. 4). Venuti's operation would result in approximately 455,000 cubic yards of material being excavated. (ROR: Item 7, p. 10). The duration of the operation is predicted to be between two and eight years, depending on market demand. (ROR: Item 7, p. 13).
Before holding a public hearing on Venuti's application, the Commission ordered an environmental review to be conducted by the Eastern Connecticut Environmental Review Team (hereinafter the "ERT"). (ROR: Item 6, p. 1; Item 7, p. 2; Item 16; Item 18). The ERT report provided the Commission with an overview of the existing resource base as it relates to the proposed development. (ROR: Item 16, p. iii). On January 15 and 22, 1998, the Commission announced in The New London Day that it will hold a public hearing concerning Venuti's application on January 27, 1998. (ROR: Item 2). At the public hearing on January 27, 1998, Venuti indicated that it had modified its plans in order to comply with the recommendations of the ERT report. (ROR: Item 6, p. 1). Because the revisions were not yet on public file, the Commission and Venuti agreed to a continuance of the hearing for February 10, 1998. (ROR: Item 6, pp. 1, 7). CT Page 9266
At the February 10, 1998 public hearing, eight individuals (including plaintiff Eiden) intervened in the matter pursuant to General Statutes § 22a-19.[1] (ROR: Item 7, p. 1; Items 33-40). The hearing produced seventy-four pages of transcript, and resulted in the Commission approving (with conditions) Venuti's special permit on March 24, 1998. (ROR: Item 7; Item 3; Item 4). The Commission published legal notice of its decision in The NewLondon Day on March 27, 1998. (ROR: Item 3).
On April 20, 1998, the plaintiffs filed this appeal from the decision of the Commission with an appropriate citation and bond with surety. The parties have submitted briefs, and this court held a hearing on May 20, 1999.
 III. JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985).
A. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "[P]ursuant to [General Statutes] § 8-8(a)(1), a person may derive standing to appeal based solely on his status as an abutting landowner or as a landowner within one hundred feet of the subject property."Zoning Board v. Planning Zoning Commission 27 Conn. App. 297,301, 605 A.2d 885 (1992).
The plaintiffs allege, and the record indicates, that the plaintiffs are owners of land abutting the subject property. (ROR: Items 61-63). In addition, the plaintiff Lawrence Eiden is an intervenor pursuant to § 22a-19 and, therefore, is aggrieved on that basis. (ROR: Item 37). Accordingly, the court finds that the plaintiffs are statutorily aggrieved.
B. Timeliness and Service of Process
CT Page 9267
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) of § 8-8 further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The Commission published notice of its decision in The NewLondon Day on March 27, 1998. (ROR: Item 3). On April 9, 1998, the plaintiffs effectuated service of process on the Town Clerk of Montville, and the Chairman of the Commission. See Sheriff's Return.
The court, therefore, finds that the plaintiffs commenced their appeal in a timely fashion by service of process upon the proper parties.
 IV. SCOPE OF REVIEW
"[A zoning] board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Molic v.Zoning Board of Appeals, 18 Conn. App. 159, 165, 556 A.2d 1049
(1989). "In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted.) Samperi v. Inland Wetlands Agency,226 Conn. 579, 587, 628 A.2d 1286 (1993). "This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . It is broad enough and capable of sufficient flexibility in its application to enable the reviewing court to correct whatever ascertainable abuses may arise in administrative adjudication." (Internal quotation marks omitted.) CT Page 9268DeBeradinis v. Zoning Commission, 228 Conn. 187, 199,635 A.2d 1220 (1994). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) ConnecticutRiver Resources Authority v. Planning Zoning Commission,46 Conn. App. 566, 569, 700 A.2d 67, cert. denied, 243 Conn. 935,702 A.2d 640 (1997).
 V. DISCUSSION
The plaintiffs appeal on the following grounds: (1) that the Commission did not have jurisdiction to conduct the public hearing of February 10, 1998; (2) that the applicant, Venuti, did not possess a vested interest in the subject property to warrant issuance of the special permit; and (3) that the Commission failed to consider the proposed action's effects on the public water supply watershed.
A. Jurisdiction of Commission
The plaintiffs first argue that the Commission's approval of the special permit is a nullity because of its failure to publish notice of the February 10, 1998 public hearing. In response, the defendants argue that the February 10, 1998 public hearing was nothing more than a continuance of the first hearing which did not involve a change in the nature or character of the application. For the following reasons, this court concludes that the February 10, 1998 public hearing was a continuance of the prior hearing and, therefore, the Commission was not required to publish a second notice.
"Notice of the time and place of such [public] hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing. . . ." General Statutes § 8-3 (a). "Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect." (Internal quotation marks omitted.)Woodburn v. Conservation Commission, 37 Conn. App. 166, 177, CT Page 9269655 A.2d 764, cert. denied, 233 Conn. 906, 657 A.2d 645 (1995). "The fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard and to be apprised of the relief sought. . . . Adequate notice will enable parties having an interest to know what is projected and, thus, to have an opportunity to protest. . . . [T]he purpose behind the notice requirement of § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." (Citations omitted; internal quotation marks omitted.) Jarvis Acres, Inc. v. ZoningCommission, 163 Conn. 41, 47, 301 A.2d 244 (1972).
It is undisputed that the Commission properly provided notice of the January 27, 1998 hearing by publishing notices in The NewLondon Day on January 15 and 22, 1998. (ROR: Item 2). The plaintiffs assert that although notice of the first public hearing of January 27, 1998, was sufficient, a new notice for the second hearing of February 10, 1998 was required because of the applicant's modification of existing plans. The plaintiffs argue that the modified plans submitted after the first hearing contained new details of wetland locations and topographic information not available in the original plans.
The court finds that the nature or character of the application was not changed by the applicant's submission of modified plans after the January 27, 1998 public hearing. Although the modified plans more clearly delineate wetland location and topographic detail, the nature or character of the plaintiffs' proposal remained substantially unchanged. (Compare ROR: Items 61, 62 with Item 63). In addition, because "the hearing process involve[s] various changes in and refinements of the plan as it was originally proposed [and] [s]uch changes are a common result of a land use commission's deliberations," Woodburnv. Conservation Commission, supra, 37 Conn. App. 174, it would be unreasonably burdensome to require the Commission to publish a new legal notice each time the applicant modifies its plans without substantially changing its nature or character.
Accordingly, the court finds that the Commission complied with the statutory prerequisites of providing notice and, therefore, possessed the jurisdiction to approve the special permit.
B. Applicant's Vested Interest
CT Page 9270
The plaintiffs next argue that the applicant did not present sufficient evidence to the Commission indicating its vested interest in the subject property to seek a special permit. The defendants argue, in response, that the uncontroverted evidence indicates that the applicant was an optionee of a contract to purchase the subject property, and was authorized by the owners to apply for the special permit. For the following reasons, the court finds that the Commission had substantial evidence to indicate that the applicant was an optionee and was authorized by the owners to apply for the special permit.
"The general rule, which applies in the absence of a specific provision to the contrary, is that one who has contracted to purchase property has standing to apply for a special exception or a variance governing its use." Shulman v. Zoning PlanningBoard, 154 Conn. 426, 431, 226 A.2d 380 (1967). "From an examination of our cases and those of other jurisdictions, it is not possible to extract a precise comprehensive principle which adequately defines the necessary interest which a nonowner must possess in order to have standing to apply for a special permit or a variance. . . . [The court must determine] whether the applicant was in fact a real party in interest with respect to the subject property. [Factors to be considered are] [w]hether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property." Richards v. Planning ZoningCommission, 170 Conn. 318, 323, 365 A.2d 1130 (1976).
In the present case, the applicant, Venuti, was expressly authorized by the owners of the subject property to apply to the Commission "for those permits necessary to develop said property for earth product excavation purposes." (ROR: Item 17). In addition, the applicant demonstrated control over the subject property in its authorization to the Environmental Review Team to enter the property and conduct an environmental review. (ROR: Item 18). At the public hearing of February 10, 1998, counsel for the appellant, Venuti, informed the Commission that his client had an option on the 99 acre site. (ROR: Item 7, p. 4). Furthermore, the record and public hearing transcripts contain absolutely no evidence to contradict the applicant's assertion of holding an option to purchase the subject property. (ROR: Items 6, 7). CT Page 9271
Accordingly, the court finds that there was substantial evidence before the Commission to establish the applicant's standing to procure the special permit.
C. The Commission's Decision
The plaintiffs' final claim on appeal is that the Commission neglected to consider the effects of the proposed action on the public water supply watershed. The defendants argue that the Commission did, in fact, fully consider the effects of the proposed action on the watershed, and that its decision is supported by substantial evidence. This court concludes that the Commission's decision is supported by substantial evidence, and that the Commission was not required to articulate its reasoning with a high degree of specificity.
Through enactment of the Inland Wetlands and Watercourses Act, General Statutes § 22a-36, et seq., "[t]he legislature, in effect, has placed the initial and principal responsibility for striking the balance between economic activities and preservation of wetlands in the hands of the local authorities." Samperi v.Inland Wetlands Agency, supra, 226 Conn. 592. The act "does not require an in land wetlands agency explicitly to specify the factors that it has utilized in its evaluation of an application." Id., 598. In searching the record, the court "must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. This cautionary advice is especially apt whenever the court is reviewing a decision of a local commission composed of lay persons." (Internal quotation marks omitted.) Id., 592.
After hearing testimony and viewing environmental reports, the Commission approved Venuti's application for a special permit. The Commission made the following express finding: "[T]he nature and the intensity of the operations involved in connection with the proposed use and site layout in the development will not have a negative impact on the environment since the Town of Montville Inland Wetlands Commission voted that there will be no significant impact to regulated areas and the ERT identified no significant impacts to the environment or natural resources on or adjacent to the site or within the immediate neighborhood." (ROR: Item 8, p. 19). CT Page 9272
The Commission's failure to expressly state as a factor in reaching its decision the alleged effects on public water supply does not warrant sustaining of this appeal. Indeed, there is substantial evidence in the record on which the Commission could have relied in making its determination that no such adverse effect on the public water supply would result.
For example, in its application to the Montville Inland Wetlands and Watercourses Commission, Venuti states that it will "install additional groundwater monitoring wells under the advice of its hydrologic consultant, Aqua Solutions, Inc., in order to establish the groundwater topography of the site to ensure that water sources and wetland resources on the site will not be compromised as a result of the proposed excavation operation." (ROR: Item 19, p. 2). In an environmental evaluation report by a consultant/expert, it was "not anticipated that [the excavation's] alteration of current drainage patterns will significantly impact the hydrology of the wetlands on site." (ROR: Item 24, p. 14). The ERT report contains further projections of a minimal direct impact on hydrology and water resources as a result of the excavation. (ROR: Item 16, pp. 16-19). There were also preliminary hydrologic assessment data and stormwater computations available to the Commission. (ROR: Items 25, 29). In addition to these reports, the public hearing transcript is replete with substantial discussion of groundwater, hydrology and water resources effects as a result of the proposed activity. (ROR: Item 7).
Accordingly, the court finds that the Commission's decision was based on substantial evidence, and was not required to specifically address each factor affecting its decision.
VI. CONCLUSION
For the foregoing reasons, the Commission did not act illegally, arbitrarily or abuse its discretion in approving Venuti's application for a special permit. The court hereby makes the following findings: (1) the Commission complied with the statutory notice requirements and, therefore, properly exercised jurisdiction over the application; (2) the applicant, Venuti, presented substantial and uncontroverted evidence indicating its standing to apply for the permit and (3) the Commission's decision was based on substantial evidence, and the Commission was not required to specify the factors behind its decision. CT Page 9273
Accordingly, the plaintiffs' appeal is hereby dismissed.
Graziani, J.