[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this appeal pursuant to General Statutes § 8-8 (b) from a decision of the Southington Zoning Board of Appeals ("ZBA"), which denied the plaintiff's application for Special Exception to operate a day care facility for up to twelve children at her property known as 60 Rockwood Drive, Southington, Connecticut.
The plaintiff is the owner of the subject property and is aggrieved by the denial of the Special Exception.
The Southington Zoning Regulations § 3-01.31 provide: "The zoning board of appeals may, after public hearing and subject to appropriate safeguards and harmony with the general purpose of these regulations, grant a Special Exception for the following uses: . . . (F) Adult or day care facilities for not less than seven nor more than twelve persons subject to the licensing requirements of the state, and providing the facility is in either a R-80 or R-40 zone.'. . ." The plaintiff's property is in a residential zone. The property includes a ranch style residence which has been modified to accommodate a day care facility for up to twelve children.
The Southington Zoning Regulations provide with respect to Special Exceptions as follows: 15-05 SPECIAL EXCEPTIONS
"To hear and decide requests for Special Exceptions where required by the specific terms of these regulations. Each specific Special Exception for which a permit is sought shall be considered as an individual case and shall, in addition to other standards prescribed in these regulations, conform to the detailed application of the following standards in a manner appropriate to the particular circumstances of such use: CT Page 9242
15-05.1 The nature, location, size, intensity and site lay out of the use shall be such that it will be in harmony with the appropriate and orderly development of the area in which it is situated in that its operations will not be detrimental by reasons of dust, noise odor, fumes, explosion, glare or otherwise.
15-05.2 The nature and size of the use, the nature and intensity of the operations involved in or conducted in connection with it, its site layout, and its relations to streets giving access to it shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection with it will not be hazardous or inconvenient to the predominant character of the neighborhood, or conflict with the normal traffic of the neighborhood, taking into consideration, among other things, convenient routes of pedestrian traffic, particularly street intersections, vehicular turning movements in relation to routes and volumes of traffic flow, sight distances, and adequacy of parking facilities.
15-03.3 The location and height of buildings, the location, nature and extent of landscaping on the site shall be that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings or impair the value thereof."
The plaintiff applied for a Special Exception pursuant to § 3-01.31f and 15.05 of the Southington Zoning Regulations for the day care facility on her property. A public hearing was properly noticed and held on September 8, 1998. The ZBA members visited the site and at its regular meeting of October 14, 1998 voted 3 to 2 to deny the application. The plaintiff filed this appeal on November 9, 1998. The record and answer were filed on December 31, 1998. Briefs were filed by the plaintiff on March 26, 1999 and by the defendant ZBA on April 28, 1999. The parties were heard in oral argument on July 14, 1999.
Recently the Supreme Court had articulated the standard of review with respect to a zoning commission or ZBA's exercise of discretion in acting on an application for a Special Exception,Irwin v. Planning Zoning Commission, 244 Conn. 619 (1998). The Supreme Court reversed the Appellate Court decision in Irwin v.Planning Zoning Commission, 45 Conn. App. 89 (1997) which found little or no discretion for a commission acting on a special permit regulation. The Supreme Court held: "Although it is true CT Page 9243 that the zoning commission does not have discretion to deny a special permit when the proposal meets the standards, it does have discretion to determine whether the proposal meets the standards set forth in the regulations. If, during the exercise of its discretion, the zoning commission decides that all standards enumerated in the special permit regulations are met, then it can no longer deny the application. The converse is however, equally true. Thus, the zoning commission can exercise its discretion during the review of the proposed special exception, as it applies the regulations to the specific application before it." 244 Conn. at 628.
In the Irwin case the zoning regulations referenced the preservation of certain natural resource features including streambelts and ridge lines. The record supported a determination that potential detriments to the streambelt and land on ridge lines were sufficient to support a finding of non compliance with the Special Exception Regulations.
In the instant case the Special Exception Regulations of the Southington Zoning Regulations specifically reference the following: ". . . size, intensity and site layout of the use shall be such that it will be in harmony with the appropriate and orderly development of the area in which it is situated . . ." (15-05.1); "The nature and size of the use, . . ., its site layout and its relations to streets giving access to it shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection with it will not be hazardous or inconvenient to the predominant character of the neighborhood, or conflict with the normal traffic of the neighborhood, . . .". (15-05.2).
The record indicates that the property is at the corner intersection of Rockwood Drive and Mountain Edge Drive, has a single driveway which is unpaved; parking would only be in the driveway; and that there is a slope of the property and roadway. At the public hearing numerous comments were directed to the prospect of cars being parked on the roadways and cars backing. into the street. Record, Exhibit D, pp. 29. 30, 31 and 32). The record thus contains evidence relating to the intensification of use and its impact on access streets, pedestrian and vehicular traffic and its impact on the "predominant character of the neighborhood" which was residential. Section 15-05.2 specifically notes the criteria of "adequacy of parking facilities". CT Page 9244
The plaintiff notes that the public hearing included much comment which was related to the allowance of any childcare facilities in residential neighborhoods, including comments by ZBA members. This was clearly not a proper consideration of the ZBA especially in acting on a Special Exception application. The zoning regulations have been adopted by the Town in a legislative capacity. The function of the ZBA in dealing with the specific application was to apply the existing regulations to such application. However, if even one of the reasons is sufficient to support the zoning authority's actions they must be sustained.Connecticut Resource Recovery Authority v. Planning ZoningCommission of the Town of Torrington, 46 Conn. App. 566, cert denied 243 Conn. 935 (1998).
The court's review of the record finds evidence relating to legitimate criteria contained in the Special Exception regulations of the Town of Southington relating to parking facility and intensification of use. The parking, traffic and use criteria are supported by substantial evidence in the record and thus the decision must be affirmed. The plaintiff's appeal is dismissed.
Robert F. McWeeny, J.