[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I STATEMENT OF APPEAL
The plaintiffs, Jairo Bejarano, Dominick Chiappetta, Mark Forlenzo, and Helen Nardozza, appeal from the decision of the defendant, the Stamford zoning board (the board), approving the application for special exception, pursuant to § 7.3 of the Stamford zoning regulations, submitted by the defendant, Neville Denton. The plaintiffs appeal pursuant to General Statutes § 8-8.
 II BACKGROUND
CT Page 2705
The record reveals the following facts. Denton filed an application for a special exception with the board under § 7.3 of the Stamford zoning regulations. (Return of Record [ROR], Item 1.) Denton requested three additional units, a reduction of three parking spaces, a reduction of the side yard to three feet and a setback of six inches from the street. (ROR, Item 1, p. 2.) Denton notes in his application that the six-inch setback complies with the original building as reflected in the site plan. (ROR, Item 1, p. 2.) The current application was identical to a previous application that the board approved on August 2, 1999. (ROR, Item 7, p. 1.) Denton resubmitted the application to correct a claimed error in the notification of the public hearing to nearby property owners. (ROR, Item 7, p. 1.) The referral comments submitted by the planning board for the first application were incorporated into the second application and made a part of the record because there was no change in circumstances or in the regulations. (ROR, Item 7, p. 1.)
The board published notice of the public hearing on this application in the Stamford Advocate on December 1, 1999 and on December 8, 1999. (ROR, Item 6; Item 8.) The board held a public hearing on Denton's application on December 13, 1999. (ROR, Item 19.) The record was left open until December 17, 1999 for additional comments from one of the historic preservation experts and until December 23, 1999 for rebuttal comments. (ROR, Item 30, pp. 52-53.) On January 10, 1999, the board approved Denton's application for special exception pursuant to § 7.3 of the zoning regulations. (ROR, Item 24.) The decision was published in theStamford Advocate on January 14, 2000. (ROR, Item 25.) The plaintiffs now appeal the decision of the zoning board.
 III JURISDICTION
General Statutes § 8-8 governs an appeal from a decision of a zoning board to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989).
 A Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). General Statutes § 8-8 (a)(1) provides, in pertinent part, that an "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land CT Page 2706 involved in the decision of the board."
In the present case, the plaintiffs have alleged that each plaintiff owns property within one hundred feet of Denton's property. (Complaint, ¶ 12.) Additionally, the assessor's map, which was submitted as an exhibit at the court hearing, shows the proximity of the plaintiffs' property to Denton's property. (Hearing, Exhibits 2 3.) Accordingly, the court finds that the plaintiffs are aggrieved.
 B Timeliness of the Appeal and Service of Process
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced
by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Service of process "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e). "Service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein." General Statutes § 8-8 (f).
The decision of the board was published in the Stamford Advocate on January 14, 2000. (ROR, Item 25.) Service of process was made on the town clerk and the chairman of the board on January 26, 2000. (Sheriff's return.) On January 31, 2000, service of process was made on Denton. (Sheriff's return.) Although service of process was not made on Denton within fifteen days of publication of the decision, this does not render the appeal untimely. General Statutes § 8-8 (f) provides, in pertinent part, that "failure to make service of process within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal." It is found that service of process was timely because it was made on the board within fifteen days of publication of the board's decision.
 IV SCOPE OF REVIEW
"The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulation. . . . The proposed use however must satisfy CT Page 2707 standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values." (Internal quotation marks omitted.) Whisper WindDevelopment Corp. v. Planning Zoning Commission, 32 Conn. App. 515,520, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100 (1994). "It is well settled that in granting a special permit, an applicant must satisf[y] all conditions imposed by the regulations. . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v. Planning ZoningCommission, 46 Conn. App. 566, 569, 700 A.2d 67, cert. denied,243 Conn. 935, 702 A.2d 640 (1997).
"When ruling on an application for a special permit, a planning and zoning board acts in an administrative capacity. . . . Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Citations omitted; internal quotation marks omitted.) Irwin v. Planning ZoningCommission, 244 Conn. 619, 627, 711 A.2d 675 (1998). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." (Internal quotation marks omitted.) Id., 628. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995).
 V DISCUSSION
The board granted Denton's special exception pursuant to § 7.3 of the zoning regulations. The plaintiffs appeal that decision on the ground that the board acted arbitrarily, illegally, capriciously, and in abuse of its discretion. Specifically, the plaintiffs argue that the board found that Denton's building qualified as a historic building without the recommendations of at least two independent, qualified historic preservation experts as expressly required by § 7.3 of the zoning regulations. Additionally, the plaintiffs argue that the board permitted the submission of expert testimony in letter form after the close of the public hearing without providing the opportunity for cross examination or CT Page 2708 rebuttal. The plaintiffs also contend that the board should not have incorporated the report and favorable vote of the planning board from Denton's previously approved application.
 AWhether the Board Determined that the Building on Denton's Property is aHistorical Building as Defined in § 7.3 of the Zoning Regulations
The plaintiffs argue that § 7.3 of the Stamford zoning regulations requires, in clear and unambiguous language, the recommendations of two independent, qualified historic preservation experts before the board can determine that a building not listed on the State Register of Historic Places is a historic building. The plaintiffs argue that the board did not have two recommendations from experts when the board determined that Denton' s building qualified as a historic structure. The plaintiffs assert that the absence of these recommendations renders the board's decision invalid.
The board argues that there were two letters from independent, qualified historical experts that the board relied on in its determination that the structure on Denton's property is a historical building. Additionally, the board argues that it has relied on letters from the same two individuals in the past thirteen years and that there has never been a legal challenge.
"The rules of statutory construction apply to the interpretation of local regulations." Double I Limited Partnership v. Planning ZoningCommission, 218 Conn. 65, 73, 588 A.2d 624 (1991). "The regulation is a local legislative enactment, and in its interpretation we seek to discern the intent of the legislative body as manifested in the words of the regulation . . . . The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. . . . Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body." (Citations omitted; internal quotation marks omitted.) Spero v. Zoning Board ofAppeals, 217 Conn. 435, 441, 586 A.2d 590 (1991). "The commission enjoys reasonable discretion in construing the regulations it is charged with enforcing." Paige v. Planning Zoning Commission, 35 Conn. App. 646,655, 646 A.2d 277 (1994).
Section 7.3(C)(1) provides, in pertinent part, that "[w]here eligibility has not been determined by the State Historic Preservation Officer or the Director of the Connecticut Historical Commission, the CT Page 2709 [z]oning [b]oard may determine eligibility based on the recommendation of at least two independent, qualified historic preservation experts as provided by the applicant. Such recommendations shall detail the building's compliance with the current standards for designation on the State Register of Historic Places and justify any findings based on the [building's] special architectural, social or other significance to the history of the city of Stamford." Stamford Zoning Regs., § 7.3(C) (1). The purpose of § 7.3 of the Stamford zoning regulations is to "encourage the preservation, rehabilitation, enhancement and adaptive re-use of historic buildings. The Zoning Board may by grant of Special Exception authorize the special use and density incentives of this section in those special circumstances where applicable zoning regulations serve to discourage the preservation of significant historic buildings."
The standards for designation on the State Register of Historic Places include the following criteria: "The quality of significance in American History, architecture, archaeology, and culture is present in districts, sites, buildings, structures, and objects of State and local importance that possess integrity of location, design, setting, materials, workmanship, feeling and association, and: (1) [t]hat are associated with events that have made a significant contribution to our history and the lives of persons significant in our past; or (2) [t]hat embody the distinctive characteristics of a type, period, or method of construction, or that represent the work of a master, or that possess high artistic values, or that represent a significant and distinguishable entity whose components may lack individual distinction; or (3) [t]hat have yielded, or may be likely to yield, information important in prehistory or history." (ROR, Item 22.)
Denton submitted letters from Renee Kahn, director of the Historic Neighborhood Preservation Program, Inc., and Linda Baulsir, executive director of the Stamford Historical Society, Inc., because his building is not listed on the State Register of Historic Places. Based on the recommendations of Kahn and Baulsir, the board determined that the building on Denton's property qualifies as a historic building. The board has relied on the opinions of these two individuals in the past.
The regulations provide that the experts' recommendation must detail the building's compliance with the current standards for designation on the state register and justify any findings, based on the building's special architectural, social or other significance to the history of Stamford. In her first letter to the board, Kahn describes the building as a "late 19"' century dwelling in the Vernacular Queen Anne style. With its ell-shaped porch and turned posts, it is a typical example of turn-of-century Queen Anne as depicted in the builders' pattern books of CT Page 2710 the period." (Supplemental ROR, Item 1.) Kahn's letter is adequate in that it describes the architecture of the house and the period in which the architectural style was popular. The letter from Baulsir supports the recommendations in Kahn's letter. Baulsir states "[w]e at The Historical Society support the recommendations of Renee Kahn of Stamford's Historic Preservation Program concerning your restoration efforts." Although Baulsir does not provide specific detail as Kahn did, it is apparent that Baulsir agrees with Kahn's opinions, and it was reasonable for the board to determine that this was enough to satisfy the regulations. By supporting her colleague's recommendations, Baulsir was essentially affirming Kahn's opinions about the architecture and the period of the house and Kahn's suggestion that Denton apply for special exceptions pursuant to § 7.3 of the regulations. Thus, the letters from Baulsir and Kahn qualify as recommendations from two, independent experts qualified in historic preservation.
The board is entitled to some discretion in enforcing laws as long as it is reasonable. The board determined that Kahn and Baulsir are experts in historic preservation and have relied on their opinions for the purposes of § 7.3 for nearly thirteen years. Consequently, the court finds that the board reasonably determined that Kahn and Baulsir were qualified, independent historic preservation experts and therefore, it was proper for the board to rely on their recommendations.
 B Whether the Board erred in Permitting the Submission of Crucial Expert Testimony in Letter Form after the Public Hearing was Closed
The plaintiffs argue that the board should not have allowed the submission of crucial expert testimony after the public hearing because it deprived the plaintiffs of the opportunity to cross-examine the expert. The plaintiffs also argue that they were not allowed sufficient time to rebut the expert's written testimony.
The board argues that although Connecticut cases recognize the right to cross-examine witnesses, the right is very limited because the board has no authority to swear in witnesses, compel answers, punish evasive answers or perjury, or rule on objections. Additionally, the board argues that a volunteer board of laymen cannot be expected to know the rules of evidence, and that the failure to allow cross-examination was immaterial or irrelevant.
The Supreme Court has determined that "[t]he only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the fundamentals of natural justice. Fundamentals of natural CT Page 2711 justice require that there must be due notice of the hearing, and at the . . . hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary." (Citations omitted; internal quotation marks omitted.) Grimes v.Conservation Commission, 243 Conn. 266, 274, 703 A.2d 101 (1997). "The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards guaranteed to opponents of the application and the public." (Internal quotation marks omitted.) Blaker v. Planning ZoningCommission, 212 Conn. 471, 477-78, 562 A.2d 1093 (1989).
The Supreme Court has also held that "planning and zoning commissions are entitled to technical and professional assistance in matters that are beyond their expertise, and that such assistance may be rendered in executive session." Blaker v. Planning Zoning Commission, supra,212 Conn. 478. The court stated, however, "that the use of such assistance . . . cannot be extended to the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information, and to offer evidence in explanation or rebuttal." Id.
In the present case, the board left the record open until December 17, 1999. The chairman stated "[t]he comments that were made by Attorney Leydon on the historic aspects of this house I think need to be a little bit further clarified, and so . . . we'll close the hearing but leave the record open in order to receive comments from Renee Kahn. There will also be ample time for anyone to respond in writing to her comments." (ROR, Item 30, p. 52.) The board accepted written responses to Kahn's letter until December 23, 1999. There was no objection to the receipt of additional comments at the hearing. The plaintiffs took advantage of the opportunity to rebut Kahn's letter by submitting their own letter describing the deficiencies in the letter.
"In order for a claim of denial of cross-examination to be upheld on appeal, the right of cross examination must have been demanded at or prior to the public hearing. Otherwise it would be waived." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 20.12, p. 435. In the present case, the plaintiffs did not demand cross-examination of Renee Kahn until after the public hearing was closed. The plaintiffs claim that the submission of the second letter from Kahn after the public hearing violated their due process rights as they did not have an opportunity to cross-examine Kahn or adequate time to prepare a rebuttal.
The record shows that the hearing provided the plaintiffs with an opportunity to present evidence contradicting the two letters from the CT Page 2712 historic preservation experts. The plaintiffs' representative addressed the board and challenged both letters claiming that they did not meet the requirements of § 7.3 of the zoning regulations. The plaintiffs, however, made no attempt to present their own expert evidence showing that the Denton building did not qualify as a historic building, and the plaintiffs did not ask the board for the opportunity to cross-examine Kahn or Baulsir. The objection to the inability to cross-examine Kahn was not brought up until the plaintiffs responded in writing to the second letter from Kahn.
The plaintiffs cannot object to the lack of opportunity to cross-examine Kahn on appeal when they did not object at the hearing. Additionally, the board allowed the plaintiffs to submit rebuttal comments in response to Kahn's second letter, and the plaintiffs took advantage of this opportunity. The second letter from Kahn does not present new evidence, but simply elaborates on what she stated in her first letter to the board. Kahn's second letter tries to address some of the plaintiffs' questions regarding the historical status of the building that were brought up at the hearing. Therefore, the court finds that although there was no opportunity for cross-examination of the experts, the plaintiffs never expressed to the board that they wished to cross-examine the experts at or prior to the public hearing nor did they object to the submission of additional comments from Kahn after the close of the public hearing.
 C Whether the Board's Submission of the Previous Recommendations of the Planning Board Rendered the Decision to Grant the Special Exception Invalid
The plaintiffs argue that the board should not have submitted the previous report from the planning board because the planning board had not responded to the submission of the new application for special exception. The plaintiffs argue that although the application is identical to the previous application there is now opposition to the application in the form of a letter from a state representative and a petition from neighbors. The plaintiffs argue that the planning board may not have approved the second application based on the opposition to its approval. The plaintiffs assert that § 19 (2.3) of the zoning regulations provides that if the planning board does not respond in 30 days this will be considered neither a denial or approval of the application. The plaintiffs claim that the board's decision to approve the current application was rendered ineffective because they read the planning board's recommendations from a previously approved application at the public hearing. CT Page 2713
The board argues that the plaintiffs waived their right to object to the submission of the planning board's approval of the previous application because the plaintiffs did not object when the board read the planning board's recommendations into the minutes at the beginning of the public hearing.
Section 19 (3.3) (c) of the Stamford zoning regulations provides, in pertinent part, that "[a]ll application for special exception shall be referred to the Planning Board for an advisory report and acted on in the same manner as provided under Section 19 (2.3) (d) of these Regulations." Section 19 (2.3) (d) provides, in pertinent part, that "[e]ach such application shall be referred to the Planning Board at least thirty (30) days prior to the date assigned for a public hearing thereon. Failure of the Planning Board to report within 30 days shall be construed as no response."
In Mitchell Land Co. v. Planning Zoning Board, 140 Conn. 527, 536,102 A.2d 316 (1953), the court held that the plaintiffs did not have standing to object on appeal to the introduction of minutes, record and exhibits of a first application because "[t]he five property owners who were in attendance and were represented by counsel raised no objection to this procedure." Similarly, in the present case the plaintiffs did not object when the planning board report was read into the record. Therefore, the plaintiffs waived the opportunity to challenge the reading of the planning board report in the minutes. Additionally, it was reasonable for the board to read the planning board report because the current application was identical to the application approved on August 2, 1999.
Based on the foregoing reasons, the court hereby dismisses the plaintiffs' appeal as the zoning board did not act arbitrarily, illegally, capriciously, or in abuse of its discretion when it granted Denton's application for special exception.
Ryan, J.